THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. ROBERT WALLACE, APPELLANT.

*Indictment for not employing a discharged Union soldier — such soldier is entitled to
employment for himself and team in preference to others — he must establish his right
by proof — chap. 464 of 1887, construction of.*

Upon the trial of an indictment charging the street superintendent of Auburn with
a violation of the provisions of chapter 464 of the Laws of 1887, in regard to
the employment of honorably discharged Union soldiers in the repairing and
improving the public streets in the city of Auburn, it appeared that the superin-
tendent was authorized to employ laborers and teams to do work on the public
streets, in grading and improving the same, as directed by the common council;
that one Ryan, an honorably discharged Union soldier, requested the superin-
tendent to give him, with his team, employment in repairing and improving the
streets, which request was refused, although the superintendent was engaged in
doing work on the streets and was employing other laborers with teams who
were not discharged Union soldiers.

*Held*, that it was the intention of the act that it should apply to all cases of appoint-
ment or employment of individuals on all the public works in all the cities,
towns and villages in the State who are not required, under the civil service
laws, to submit to competitive examination as to their fitness and qualification
to fill the position for which they apply, and that Ryan was entitled to employ-
ment for himself and team in preference to others who were not discharged
Union soldiers.

The evidence tended to show that when the superintendent refused to give Ryan
employment for himself and team he was not informed and did not know, as a
matter of fact, that Ryan was an honorably discharged Union soldier.

*Held*, that it was the duty of the applicant for employment, under the provisions
of the act of 1887, to furnish satisfactory evidence that he belonged to the class
of persons intended to be benefited by the law, and that an officer could not be
charged with violating its provisions, in refusing employment to an applicant,
where he did not know, as a matter of fact, from other sources than the mere
statement of the applicant, that he belongs to such class of persons.

That the fact that the superintendent in this case did not place his refusal to
employ Ryan on the ground that he did not know that he was an honorably
discharged Union soldier, did not preclude him from taking the position upon the
trial that Ryan did not furnish him with satisfactory evidence on the subject.

That the provision of the statute requiring the officer in disposing of applications pre-
sented to him, to administer the law, in its spirit as well as its letter, was intended
merely as a guide and as an instruction to the officer, and had no application to
a criminal trial, nor was it intended to change any rule of evidence or of con-
struction in cases of criminal procedure founded upon the provisions of that act.

APPEAL by the defendant from a judgment entered in the office
of the clerk of Cayuga county December 11, 1888, after a trial at

the Cayuga County Court of Sessions, convicting the defendant of violating the provisions of chapter 464 of the Laws of 1887, in refusing to employ an honorably discharged Union soldier in repairing and improving the public streets in the city of Auburn, over which he was superintendent.

The enacting clauses of the statute are, viz.: "Section 1. In every public department and upon all public works of the State of New York, and of the cities, towns and villages thereof, and also in the non-competitive examinations under the civil service laws, rules or regulations of the same wherever they apply, honorably discharged Union soldiers and sailors shall be preferred for appointment and employment; age, loss of limb or other physicial impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved.

Section 2. "All officials or other persons having power of appointment to or employment in the public service as set forth in the first section of this act, are charged with a faithful compliance with its terms, both in letter and spirit, and a failure therein shall be a misdemeanor."

*William B. Woodin,* for the appellant.

*A. P. Rich,* district attorney, for the respondent.

BARKER, P. J.:

The prosecutor, William Ryan, is a resident of the city of Auburn, a laborer and the owner of a team and wagon, and an honorably discharged Union soldier from the military service of the United States. The defendant, at the time stated in the indictment, was street superintendent in the said city, and under the charter thereof, and the ordinances passed by the common council of said city, he was authorized and empowered to employ laborers and teams to do work on the public streets, in grading and improving the same, as ordered and directed by the common council. Ryan requested the defendant to give him, with his team, employment in repairing and improving the streets, and this application was flatly refused. At that time the defendant was engaged in doing work on the streets and employed other laborers, with teams, who were not discharged Union soldiers, to do the same under his supervision. It is claimed

by the people that such a refusal to employ Ryan and his team, in preference to those whom he did employ, was a breach of duty and in violation of the provisions of chapter 464 of the Laws of 1887.

The defendant contends that the prosecutor, in seeking employment on the streets, did not bring himself within the provisions of the act, and was not entitled to the preference and benefits conferred on the class of persons mentioned therein, for the reason that he did not limit his request to the employment of himself only, but included his wagon and team within his demand for employment. This act is to be construed by itself, as it bestows the benefits and privileges which the prosecutor demanded, and imposed upon the defendant the duty which it is alleged he has violated. The provisions of the civil service act (chap. 410, Laws of 1884) affords us no aid in disposing of the question presented on this appeal, as that law was intended to improve the public service and make it more efficient, while the provisions of this act are beneficent in their character and were intended to benefit a class of persons who may be in some respects inferior, physically and mentally, to other applicants for the same service, provided such impairment does not disqualify them from performing the labor and duty which may be required of them in the position to which they may be appointed. We are unable to find any other statute which aids us in ascertaining the legislative intention in enacting this law. The language used is general and quite comprehensive, and evidently embraces other persons of the class mentioned than mere workman or laborers. It is susceptible of the construction, and we are inclined to think that such was the legislative intention, that it should apply to all cases of appointment or employment of individuals on all the public works in all the cities, towns and villages in the State, who are not required, under the civil service laws, to submit to competitive examination as to their fitness and qualification to fill the position for which they apply. The officials having the power of appointment or employment in the public service, as prescribed in the act, are charged with the faithful compliance with its terms, both in letter and in spirit, and we are of the opinion, and so hold, that the prosecutor was entitled to employment for himself and team, in preference to others who were not discharged Union soldiers. It is well known to everybody that in grading and improving the streets

and highways, a large portion of the work is done and performed by the use of teams, and when used in such service, it is giving employment, within the meaning of the act, to the owner.

The defendant's evidence tended to show that when he discharged the prosecutor and refused to give him and his team further employment, he was not informed and did not know, as a matter of fact, that he was an honorably discharged Union soldier, and the question was raised on the trial whether, if he was ignorant of that fact, he was guilty of a misdemeanor. The People's evidence, if it had not been disputed or contradicted by other evidence, was amply sufficient to show that the defendant knew that the claim of the prosecutor that he was a discharged Union soldier was true. The court submitted the question to the jury as one of fact for them to determine, with instructions, which we think were erroneous. The learned county judge instructed the jury, in substance, that the defendant was chargeable with the knowledge that the complainant was a Union soldier, or chargeable with neglect in not making it an objection for not employing him, that he was not an honorably discharged Union soldier, if they found, as a matter of fact, that he did not make that ground of objection when he refused to employ him. That, as a rule of law, " wherever a party makes a claim of right to anything or at least in some instances where a party makes a claim of right to anything and the other party does not object to his claim on the ground he has no such right, he is precluded or estopped from raising that objection afterwards." And he then added, that if Ryan went to the defendant in good faith, being a Union soldier, and made claim for work on that ground, and the defendant did not assume or pretend to dismiss him on the ground that he did not know that he was a discharged Union soldier and refuse to give him work on that ground, he cannot now come here and say he furnished me no evidence that he was a Union soldier. And he also added to this part of his charge that if the jury found that the defendant did not make it an objection to the employment of the prosecutor that he did not know that he was a discharged Union soldier, he cannot now claim that he had no evidence that he was such in fact.

When a person applies to a public officer for appointment and employment under the provisions of the act, it is incumbent upon him to furnish satisfactory evidence that he belongs to the class of persons

intended to be benefited by the law, and an officer cannot be charged with violating its provisions and be held to be guilty of a misdemeanor in refusing employment to an applicant by declining to act upon the mere assertion of the applicant if he does not know, as a matter of fact, from other source, that the statement of the applicant is true. As to the kind of evidence and information on the subject which should be regarded as sufficient for the guide and action of the officer in disposing of the application we do not intend, in disposing of this appeal, to lay down any rule, as each case should be disposed of upon the evidence which the applicant is able to present and the actual information which the officer may possess on the subject. The rule adopted on the trial, that if the defendant did not place his refusal to employ the prosecutor on the ground that he did not know that he was an honorably discharged Union soldier, he was precluded from taking the position that the applicant did not furnish him with satisfactory evidence on the subject is manifestly erroneous, and for that reason alone, a new trial should be granted.

The jury were also instructed, in substance, that the statute under which the indictment was framed was to be construed liberally, and not strictly, as it should be if it did not contain the clause charging the officer, vested with the power of employment, with a faithful compliance with its terms, both in letter and in spirit. We are also of the opinion that this was error, and may have misled the jury and induced them to render a verdict convicting the defendant of the offense charged. The provision of the statute referred to, was intended as a guide and as an instruction to the officer who possessed the power of appointment requiring him, in disposing of applications presented him, to administer the law in its spirit as well as its letter, and has no application whatever in a criminal trial, and was not intended to change any rule of evidence or of construction in cases of criminal procedure founded upon the provisions of the act.

Judgment reversed and the verdict set aside, and a new trial granted and the proceedings remitted to the Cayuga County Court of Sessions with instructions to proceed.

DWIGHT and MACOMBER, JJ., concurred.

Judgment and conviction reversed and case remitted to the Court of Sessions of Cayuga county to proceed therein.